TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel for **Barquet Group, Inc.**
Debtor and Debtor-In-Possession
425 Park Avenue
New York, New York 10022
(212) 754-9400
Barton Nachamie, Esq.
Janice B. Grubin, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                          :        Case No.: 11-13116 (___)

BARQUET GROUP, INC.,                            :        Chapter 11

                        Debtor.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2 AFFIDAVIT AND IN SUPPORT OF FIRST DAY MOTIONS

STATE OF NEW YORK    )
                     )       ss.:
COUNTY OF NEW YORK )

        RAMIS BARQUET, being duly sworn, deposes and states:

        1.        I am the President of Barquet Group, Inc., a New York corporation (the

"Debtor", "Company" or "Barquet Group").   I submit this affidavit pursuant to Local

Bankruptcy Rule 1007-2 in support of the Debtor's petition for relief under Chapter 11 of

Title 11 of the United States Code (the "Bankruptcy Code") filed on the date hereof and

first day motions and to assist the Court and other interested parties in understanding

the circumstances that compelled the commencement of this Chapter 11 case. There is

no other or prior bankruptcy case filed by or against the Debtor.  There has not been a

committee of creditors organized prior to the order for relief in the Chapter 11 case.

        2.        Except as otherwise indicated, all facts set forth in this Affidavit are

based upon my personal knowledge, my review of the relevant documents, or my opinion based upon experience, knowledge, and information concerning the Company's operations and financial affairs. If called upon to testify, I would testify competently to the facts set forth in this Affidavit. I am authorized to submit this Affidavit on behalf of the Debtor.

3. A description of the nature of the Debtor's business and a concise statement of the circumstances leading to the Debtor's Chapter 11 filing today are set forth below.

4. The Company was incorporated on July 19, 1996 under the name Galeria Ramis Barquet NY, Ltd. to operate an art gallery in the City of New York specializing in Latin American art. Thereafter it changed its name in January of 2007 to Barquet Holdings, Inc. and in February of 2007 changed its name to Barquet Group, Inc.

5. I am the sole shareholder and principal of the Debtor and one of the world's foremost Latin American art collectors and dealers. I established my first gallery in 1986 in Mexico promoting the works of preeminent Latin American masters. My galleries and I have exhibited, bought and sold works of art from the most important, celebrated, and upcoming contemporary artists of our time, including Frieda Kahlo, Diego Rivera, Jose Clemente Orozco, Wifredo Lam, Andy Warhol, Alberto Giacometti, Pablo Picasso, Louise Bourgeois, Julian Schnabel, Robert Mapplethorpe, Francisco Clemente and Julio Galán. In my galleries I have hosted some of the most famous non-museum exhibitions of Latin American paintings in the United States.

6. In addition, the Debtor and I, its principal, have brokered charitable donations of important artworks by American and Latin American collectors and

philanthropists in museums throughout North America including New York City's Metropolitan Museum of Art and the Phillips Collection and the Hirshhorn Museum and Sculpture Garden in Washington, D.C., and maintain close working relationships with major international auction houses and galleries throughout the world. I have worked with the Mexican ambassador to the United States to loan artwork by Latin American artists for displays in the United States Mexican embassy and the Consul General of Mexico in New York.

7. Although book solvent based on the value of inventory, the Company is illiquid in that its extensive art inventory cannot be sold at its full value in the current depressed state of the art market and must be parceled out slowly and on brokered "deals".

8. Over the last 12 years the Company has earned $15 to $20 million a year. However, the Company's sales and income have dropped substantially in the last several years and, unfortunately, many of the Company's expenses have increased. The Company has now actively reduced its expenses, including closing its former headquarters gallery on East 57th Street, which reduced its rent expenses substantially, and reducing its personnel and other expenses. Still, in the last several years, the Company has lost substantial sums and faced operating deficits. These cash shortfalls have been made up by my periodic loans to the Company. In 2008, I loaned approximately $2.6 million to the Company, in 2009 I loaned approximately $2.2 million to the Company and in 2010 I made additional loans. During the last several years, I have reduced my fixed salary substantially and, ultimately, fell into the unfortunate habit of taking no specific salary but, instead, drawing discrete amounts to be charged to my

account.    In the Chapter 11 proceeding, I will again be receiving a set salary as hereinafter set forth.

9.    It should be noted that, over the years, my loans and capital contributions to the Company are in excess of $9 million.

10.    The Company was also financed in part by loans from outside lenders, including a loan, which originated at $5 million in September of 2004 and increased by $1 million, from ACG Credit Company, LLC, a company owned and controlled by Ian Peck ("Peck"), an individual familiar with, and accustomed to, loan arrangements with art dealers and artists.  As security for the loan, Barquet Group pledged certain specific works of art as collateral.  As it sold the art, the Company made payments to Peck and, in some instances, substituted new collateral.

11.    It appears that, at one point, ACG Credit Company, LLC and Peck were indebted to SageCrest II, LLC, currently a debtor in a Chapter 11 proceeding pending in the District of Connecticut, Case No. 08-50754 (AHWS).  As part of a settlement with SageCrest, Peck assigned the Debtor's obligations and my guaranty to SageCrest pursuant to a certain Settlement Agreement dated May 19, 2008 between Peck's entities and SageCrest.  The Debtor and I did not become aware of this assignment until months later.  Thereafter, a dialogue ensued between SageCrest representatives and the Debtor in an attempt to resolve the loan.  It should be noted that the debt was, prior to the assignment, reduced by at least $1.8 million in payments, of which $800,000 SageCrest initially did not acknowledge. The amount of the debt is still in dispute despite some acknowledged credits given.    The various negotiations between the parties fell apart.  Litigation has been instituted by SageCrest in the Bankruptcy Court of

the District of Connecticut against the Company and myself, based upon my guaranty, and SageCrest has sought various pre-judgment attachment remedies under Connecticut law.

12. Despite the litigation, the Company continued its efforts to try to settle and resolve the SageCrest loan. There have been numerous conversations and a meeting. In fact, a partial settlement was arrived at on May 4, 2011 and the Debtor made a down payment of $150,000. Unfortunately, the Company was unable to close on new financing which it had hoped to obtain and the proposed partial settlement was not completed despite strenuous efforts made by the Debtor and myself to obtain financing or raise funds quickly.

13. It is the breakdown of these negotiations and the imminent threat of seizure of the Debtor's assets by one creditor, SageCrest, that have caused the filing of this Chapter 11 proceeding.

14. Contemporaneously with the filing of this and my personal Chapter 11 petition, the Company and I will file the following first day motions and request that the Court schedule hearing(s) on these motions as soon as possible.

- <u>Motion for Joint Administration:</u> The Company and I seek to have our chapter 11 cases jointly administered. Joint administration of the cases will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of our cases, thereby saving the two estates considerable expense and resources. The relief requested will not adversely affect creditors' rights as this Application requests only administrative, and not substantive, consolidation of our estates

- <u>Application for Extension of Time to File Schedules and Statements of Financial Affairs:</u> The Company and I seek an additional thirty (30) days to file our schedules and statements of financial affairs. Due to the complexity and geographically wide nature of the operations, we anticipate that we will be unable to complete our Schedules in the

fifteen days provided under Bankruptcy Rule 1007(c). To prepare our Schedules, we must compile information from books, records, and documents relating to many claims, assets, and contracts. This information is voluminous and may be located in multiple locations. Collecting the necessary information requires that I and the Company and its employees expend a significant amount of time and effort

- <u>Motion to Retain Professionals:</u>  The Company and I will be filing motions to retain Todtman, Nachamie, Spizz & Johns, P.C. as bankruptcy counsel.

- <u>Motion for Continued Use of Existing Cash Management Systems and Maintaining Existing Accounts</u>: In order for the Company and myself to maintain our current operations and centralized management and preserve our worldwide customer base, the operations require that the existing cash management systems continue during the pendency of the Chapter 11 cases.  For instance, the Company and I utilize widely recognized wire instructions, with few checks, and any change in payment arrangements could disrupt sales, operations and compromise goodwill. The Company and myself will continue to maintain all of our receipts and disbursements and records of all transfers within the cash management systems utilized post-petition, as all transfers and transactions will be properly documented and accurate account balances would be maintained.  It is my understanding that the two debtors' bank accounts are with JPMorgan Chase, which is an approved depository by the United States Trustee for the Southern District of New York.

15.    Pursuant to Rule 1007-2(a)(4) of the Local Bankruptcy Rules, annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors, excluding insiders.  In addition, to the extent available, the telephone number and the contact person with respect to each such creditor is listed.

16.    Pursuant to Rule 1007-2(a)(5) of the Local Bankruptcy Rules, annexed hereto as **Exhibit "2"** is a list containing the name and address of the Debtor's three secured creditors.

17.    Pursuant to Rule 1007-2(a)(6) of the Local Bankruptcy Rules, annexed

hereto as **Exhibit "3"** is a summary of the estimated assets and liabilities of the Debtor as of June 28, 2011.

18.     The Debtor is a New York corporation.  I am the sole shareholder and director.

19.     There is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person, except as set forth on Exhibit "2".

20.     A list of lawsuits in which the Debtor is a named party is annexed hereto as **Exhibit "4"**.

21.     The Debtor intends to continue in the operation of its business and management of its property pursuant to the provisions of Chapter 11, Title 11, United States Code.

22.     The Debtor operates its business from the following locations:

| Location | Comments |
| --- | --- |
| Storage Facility<br>601 West 26th Street<br>New York, NY  10001 | Pursuant to a lease which terminates as to most of the property in November 2012 and for some of the property in November 2015.  If the Debtor cannot substantially reduce its rental obligation it will reject this lease. |
| Gallery and Showroom<br>532 West 24th Street<br>New York, NY 10010 | Pursuant to a lease expiring December 31, 2015 at a monthly base rent of $7,541.08 |
| Office<br>Av Roble 701, Piso 10,<br>Colonia Valle del<br>Campestre, Garza Garcia<br>N.L. 66265 Mexico | Pursuant to a lease at a monthly base rent of $700.00 |

23.     The Debtor has no artwork at its office in Garza Garcia, Mexico, which it

uses to service its Latin American clients worldwide.

24.    The Debtor's books and records are located at the Debtor's premises located at 532 West 24th Street, New York, NY 10010.

25.    The Debtor's management consists of myself as President.  The amount of proposed gross salary to be paid for my services for the (thirty) 30 day period following the filing of the Chapter 11 petition is approximately $21,000.00.

26.    During the thirty (30) day period following the commencement of the Chapter 11 case, the Debtor estimates that its gross monthly payroll for approximately six (6) employees (exclusive of its Officer) is approximately $23,000.00.

27.    Attached hereto as **Exhibit "5"** is the Debtor's cash budget for the thirty (30) day period following the commencement of the Chapter 11 case.  As required by Local Bankruptcy Rule 1007-2(b)(3), the budget includes an estimate of cash receipts and disbursements and any other information relevant to an understanding of the foregoing.

28.    The Debtor needs to restructure its operations and significantly reduce its debt which it plans to do by monetizing its art inventory through sales.  The Debtor believes that the relief afforded by Chapter 11 will provide it with the time to do so and will help maintain the confidence of its artists, suppliers, vendors, customers and employees.  Accordingly, the Debtor believes that financial and operational restructuring in Chapter 11 represents the best alternative available to preserve and enhance its business and optimize the value that will inure to the benefit of its creditors, employees and all parties in interest.

29. The Debtor verily believes, that under the aegis of the Bankruptcy Court, it will be able to restructure its business and propose a plan of reorganization.

30. The foregoing is true to the best of my knowledge, information and belief.

BARQUET GROUP, INC.

By: _____
Ramis Barquet
President

Sworn to before me this
28th day of **June, 2011**

_____
Notary Public, State of New York

JANICE B. GRUBIN
Notary Public, State of New York
No. 02GR6016469
Qualified in New York County
Commission Expires 01/03/2015

EXHIBIT "1"

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re __BARQUET GROUP, INC.__

Debtor(s)

Case No. _____

Chapter __11__

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **601 WEST ASSOCIATES, LLC**<br>**601 West 26th St. - #1260**<br>**New York, NY 10001** | **601 WEST ASSOCIATES, LLC**<br>c/o Novick, Eddelstein, Lubell, et al.<br>733 Yonkers Avenue<br>**Yonkers, NY 10704** | Security deposits in possession of creditor | **Disputed**<br>**Subject to Setoff** | 905,804.00<br><br>90,289.36<br>**(security deposit)** |
| **BERGANTINOS, JESUS**<br>**Av. Raymundo Fernandez**<br>**Villaverde Apt. 23E**<br>**Madrid, Spain 28001** | **BERGANTINOS, JESUS**<br>**Av. Raymundo Fernandez**<br>**Villaverde Apt. 23E**<br>**Madrid, Spain 28001** | | | 359,000.00 |
| **BETSABEE ROMERO**<br>**Toledo 125 Col. Alamos**<br>**Mexico D.F. 03400** | Bernardo Canales, Esq.<br>Canales Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP 66265 | | | 63,157.00 |
| **CHARPENEL, PATRICK**<br>**Vallarta #49**<br>**Coyoacan, Mexico, D.F. 04000** | Bernardo Canales, Esq.<br>Canales Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP 66265 | | | 39,357.00 |
| **GALERIA ENRIQUE**<br>**GUERREO**<br>**Horacio 1549**<br>**Mexico D.F. 11540** | Bernardo Canales, Esq.<br>Canales Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP 66265 | | | 114,500.00 |
| **GARZA, YOLANDA a/ka**<br>**Gonzalez**<br>**Ave. Vasconcelos #811 Pte.**<br>**Col**<br>**Del Valle, Garza**<br>**Garcia N.L. 66220** | Bernardo Canales, Esq.<br>Canales Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP 66265 | | | 466,310.00 |

In re   **BARQUET GROUP, INC.**
_____
Debtor(s)

Case No. _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **HENDRIX, JAN**<br>**Tabasco 295 Col. Roma**<br>**Mexico, D.F. 06700** | Bernardo Canales, Esq.<br>Canales Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP  66265 | | | 28,100.00 |
| **INTERNAL REVENUE SERVICE**<br>**IRS Insolvency Unit A**<br>**Stop 5th Floor 290 Broadway**<br>**New York, NY 10007** | **INTERNAL REVENUE SERVICE**<br>**IRS Insolvency Unit A**<br>**Stop 5th Floor 290 Broadway**<br>**New York, NY 10007** | | | 56,911.00 |
| **MALAQUER, ELVIRA**<br>**Corsega 413**<br>**Barcelona, Spain 08037** | **MALAQUER, ELVIRA**<br>**Corsega 413**<br>**Barcelona, Spain 08037** | | | 104,000.00 |
| **MARTIN, CARMEN**<br>**Ave. Veracruz #85 Dpto. 26,**<br>**Col. Condesa**<br>**Mexico, D.F. 06140** | Bernardo Canales, Esq.<br>Canales Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP 66265 | | | 122,975.50 |
| **MEDINA-GARZA (V), IGNACIO**<br>**Castillo de Chambord**<br>**106 Col. Valle de San Angel**<br>**Garza Garcia N.L. 66200** | Bernardo Canales, Esq.<br>Canales Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP 66265 | | | 387,000.00 |
| **SAGECREST LLC**<br>**Three Pickwick Plaza - #400**<br>**Greenwich, CT 06830** | **SAGECREST LLC**<br>c/o Sheppard Mullin Richter &<br>Hampton, LLP<br>30 Rockefeller Plaza - #3900<br>**New York, NY  10112**<br>Attention: Robert S. Friedman, Esq. | September 2004; 4 pieces of art in possession of creditor | **Disputed**<br><br>**Subject to Setoff** | 5,950,299.25<br><br>(150,000.00 secured) |
| **SOTHEBY'S**<br>**1334 York Avenue**<br>**New York, NY 10021** | **SOTHEBY'S**<br>**1334 York Avenue**<br>**New York, NY 10021** | | **Disputed** | 1,412,543.00 |
| **SPIELMAN KOENIGSBERG & PARKER**<br>**888 Seventh Avenue**<br>**New York, NY 10106** | **SPIELMAN KOENIGSBERG & PARKER**<br>**888 Seventh Avenue**<br>**New York, NY 10106** | | | 34,490.00 |
| **TAFICH, JESUS DEMETRIO (Danny)**<br>**Ed. Los Soles, Ste PB19-A**<br>**Lazaro Cardenas 2400 Pte**<br>**Garza Garcia, N.L. 66260** | Bernardo Canales, Esq.<br>Canales, Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP  66265 | | | 125,000.00 |

In re   **BARQUET GROUP, INC.** _____     Case No. _____

Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **TODD FIGI ESTATE**<br>**1260 Prospect St.**<br>**La Jolla, CA 92037** | **TODD FIGI ESTATE**<br>**1260 Prospect St.**<br>**La Jolla, CA 92037** | | | **249,000.00** |
| **WEISS & HILLER, PC**<br>**600 Madison Avenue**<br>**New York, NY 10022** | **WEISS & HILLER, PC**<br>**600 Madison Avenue**<br>**New York, NY 10022** | | | **28,081.91** |
| Fernanda Brunet<br>Ave. Monte de Las Curces 243,<br>Col. Acopilco<br>Mexico D.F. 05410 | Bernardo Canales, Esq.<br>Canales Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP 66265 | | | 27,968.65 |
| Victor Rodriguez<br>55 Washington - #618<br>Brooklyn, NY 11201 | Bernardo Canales, Esq.<br>Canales Davila<br>Ricardo Margain 240, 3er Piso-2<br>Col. Valle delCampestre<br>San Pedro, Garza Garcia, N.L.<br>Mexico CP 66265 | | | 27,975.00 |
| Global Products Corp.<br>P.O. Box 20579<br>New York, NY 10021 | Global Products Corp.<br>P.O. Box 20579<br>New York, NY 10021 | | | 20,000.00 |
| RH Latin American Corp.<br>126 West 22nd Street - #5N<br>New York, NY 10011 | RH Latin American Corp.<br>126 West 22nd Street - #5N<br>New York, NY 10011 | | | 20,000.00 |

In re   **BARQUET GROUP, INC.**                                            Case No. _____
                          Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

       I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  __6/28/11__                    Signature  _____

                                                   **Ramis Barquet**
                                                   **President**

   *Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
                                   18 U.S.C. §§ 152 and 3571.

**EXHIBIT "2"**

In re    **BARQUET GROUP, INC.**                                       Case No. _____

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | Security deposits in possession of creditor | | | | | |
| 601 WEST ASSOCIATES, LLC 601 West 26th St. - #1260 New York, NY 10001 | | - | | | | | | X | | |
| | | | | | Value $            90,289.36 | | | | 905,804.00 | 815,514.64 |
| Account No. | | | | | Three pieces of art in possession of creditor | | | | | |
| ROSENTHAL & ROSENTHAL LLC 1370 Broadway New York, NY 10018 | | - | | | | | | | | |
| | | | | | Value $         800,000.00 | | | | 747,974.00 | 0.00 |
| Account No. | | | | | September 2004; 4 pieces of art in possession of creditor | | | | | |
| SAGECREST LLC Three Pickwick Plaza - #400 Greenwich, CT 06830 | | - | | | | | | X | | |
| | | | | | Value $         150,000.00 | | | | 5,950,299.25 | 5,800,299.25 |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

<u> 0 </u>   continuation sheets attached

| | Subtotal (Total of this page) | 7,604,077.25 | 6,615,813.89 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 7,604,077.25 | 6,615,813.89 |

**EXHIBIT "3"**

**Galeria Ramis Barquet**
**Balance Sheet Standard**
As of June 28, 2011

| | |
|---|---:|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| Chase | 79,855.71 |
| **Chase Chelsea** | 10,059.63 |
| **Total Checking/Savings** | 89,915.34 |
| **Accounts Receivable** | |
| **Accounts Receivable** | 2,103,344.75 |
| **Total Accounts Receivable** | 2,103,344.75 |
| **Other Current Assets** | |
| Inventory | 16,979,791.51 |
| Investment in film | 194,129.00 |
| Investments-SB/Johnson Enterpri | 121,700.00 |
| Pre-paid Inventory | 62,000.00 |
| **Total Other Current Assets** | 17,357,620.51 |
| **Total Current Assets** | 19,550,880.60 |
| **Fixed Assets** | |
| Computer equipment | 35,336.84 |
| Accumulated depreciation | -296,475.00 |
| Equipment-Chelsea | 1,986.60 |
| Furniture & fixture-Chelsea | 8,401.56 |
| Furniture & Fixtures | 55,522.29 |
| Leasehol imps-57 Gallery | 15,259.51 |
| Leasehol imps-Chelsea | 396,182.33 |
| Leasehold Improvements | 203,939.77 |
| Machinery & Equipment | 108,653.23 |
| Monterrey computer equipment | 5,180.75 |
| Monterrey leasehold improvement | 19,050.63 |
| **Total Fixed Assets** | 553,038.51 |
| **Other Assets** | |
| Deferred Tax Asset | 20,532.00 |
| Software development costs | 170,354.40 |
| **Total Other Assets** | 190,886.40 |
| **TOTAL ASSETS** | 20,294,805.51 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| **Accounts Payable** | 4,662,585.27 |
| **Total Accounts Payable** | 4,662,585.27 |
| **Other Current Liabilities** | |
| Due to/from shareholder | 7,141,570.24 |
| Due to Rosenthal and Rosenthal | 622,973.57 |
| Due to Rosenthal & Rosenthal #1 | 125,000.00 |
| Sales Tax Payable | 580.15 |

| | |
|---|---:|
| **Due to Sagecrest** | 5,950,249.25 |
| **Payroll Liabilities** | 64,018.23 |
| **Total Other Current Liabilities** | 13,904,391.44 |
| **Total Current Liabilities** | 18,566,976.71 |
| **Total Liabilities** | 18,566,976.71 |
| **Equity** | |
| **Additional paid in capital** | 9,225,299.59 |
| **Capital Stock** | 631.00 |
| **Retained Earnings** | -7,067,856.37 |
| **Net Income** | -430,245.42 |
| **Total Equity** | 1,727,828.80 |
| **TOTAL LIABILITIES & EQUITY** | 20,294,805.51 |

**EXHIBIT "4"**

**EXHIBIT 4**
**TO**
**LOCAL BANKRUPTCY RULE 1007-2 AFFIDAVIT**


**BARQUET GROUP, INC.**
**LIST OF LAWSUITS**


1. <u>Sagecrest II, LLC v. Barquet Group, Inc. f/k/a Galeria Ramis Barquet, N.Y. Ltd., Ramis Barquet, and Helena Barquet</u>

   Adv. Pro. No. 11-05020 (AHWS);

   <u>In re Sagecrest II LLC, et al</u>. – Chapter 11 Case No. 08-50754 (AHWS) (Jointly Administered)

   United States Bankruptcy Court, District of Connecticut, Bridgeport Division


2. <u>601 West Associates LLC v. Galeria Ramis Barquet</u>

   Index No. L&T: 71660  2011

   Civil Court of the City of New York, County of New York: Commercial Non-Housing Part

EXHIBIT "5"

**Galeria Ramis Barquet**
**Profit and Loss Standard**
PROJECTED PROFIT AND LOSS STATEMENT FOR JULY 2011

| | |
|---|---:|
| **Ordinary Income/Expense** | |
|   **Income** | |
|     **Commissions income** | 35,000.00 |
|     **Framing income** | 1,000.00 |
|     **Sales** | 650,000.00 |
|    **Total Income** | 686,000.00 |
|   **Cost of Goods Sold** | |
|     **Cost of Art Sold** | 541,667.00 |
|    **Total COGS** | 541,667.00 |
|  **Gross Profit** | 144,333.00 |
|   **Expense** | |
|     **Commission** | 12,500.00 |
|     **Advertising & marketing** | 500.00 |
|     **Alarm** | 255.59 |
|     **Bank Service Charges** | 1,250.00 |
|     **Car Expenses** | 1,560.00 |
|     **Catalogs & books** | 483.24 |
|     **Computer expenses** | 522.17 |
|     **Electricity** | 350.00 |
|     **Exhibition expense** | 1,500.00 |
|     **Hardware** | 1,040.94 |
|     **insurance** | 9,000.00 |
|     **Monterrey Gallery expenses** | 4,500.00 |
|     **Office expense** | 600.00 |
|     **Printing and Reproduction** | 642.36 |
|     **Public Relations expenses** | 204.39 |
|     **Rent** | 35,000.00 |
|     **Shipping & Crating** | 3,000.00 |
|     **Telephone** | 2,750.00 |
|     **Travel & Ent** | 676.23 |
|     **Framing** | 1,292.10 |
|     **Interest Expense** | 38,000.00 |
|     **Payroll Taxes** | 4,000.00 |
|     **Professional Fees** | 5,000.00 |
|     **Wages** | 42,949.99 |
|   **Total Expense** | 167,577.01 |
| **Net Ordinary Income** | -23,244.01 |
| **Net Income** | -23,244.01 |

**Galeria Ramis Barquet**
**Customer Balance Summary**     Jun 27, '11
All Transactions

| | | |
|---|---:|---|
| **christie's 2011** | 12,000.00 | |
| **Cristina Briceno** | 13,560.00 | |
| **DdA International, LLC** | 2,061,820.00 | disputed |
| **Humberto J. Ugobono** | 16,700.00 | |
| **Jana Pasquel** | 1,083.75 | |
| **Miguel Schwartz** | 250.00 | |
| **Rodman Primack (C)** | 4,000.00 | |
| **UBS Financial Services, Inc.** | -6,069.00 | |
| **TOTAL** | 2,103,344.75 | |