TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel for **Barquet Group, Inc.**
and **Ramis Barquet**
Debtors and Debtors-In-Possession
425 Park Avenue
New York, New York 10022
(212) 754-9400
Barton Nachamie, Esq.
Janice B. Grubin, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
In re:                           :   Case No.: 11-13116 (MG)

BARQUET GROUP, INC.,             :   Chapter 11

              Debtor.      :
---------------------------------x
In re:                           :

RAMIS BARQUET,                   :   Case No. 11-13117 (MG)
                               Chapter 11
              Debtor.      :
---------------------------------x

### NOTICE OF MOTION PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

**PLEASE TAKE NOTICE**, that upon the motion (the "Motion") of Barquet Group, Inc. and Ramis Barquet, debtors and debtors-in-possession herein (collectively, the "Debtors"), the undersigned shall move this Court before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, located at One Bowling Green, New York, New York on the **12th** day of **July, 2011 at 2:00 P.M.**, at the direction of the Court, for an order pursuant to

266650v1                           1

Bankruptcy Rule 1015(b) directing the joint administration of the above Chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE**, that objections if any, must be served upon the undersigned and with the Clerk of the Bankruptcy Court, in writing, with a copy to the Chambers of the Honorable Martin Glenn, so as to be received in all cases by **4:00 p.m. on July 5, 2011.**

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the hearing if you do not object to the relief requested herein.

Dated: New York, New York
June 29, 2011

    TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Attorneys for Barquet Group, Inc. and
Ramis Barquet
Debtors and Debtors-in-Possession

By:   s/ Janice B. Grubin
      Barton Nachamie
      Janice B. Grubin
      Jill Makower
425 Park Avenue
New York, New York 10022
(212) 754-9400

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel for **Barquet Group, Inc.**
 and **Ramis Barquet**
Debtors and Debtors-In-Possession
425 Park Avenue
New York, New York 10022
(212) 754-9400
Barton Nachamie, Esq.
Janice B. Grubin, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re:                              :  Case No.: 11-13116 (MG)

BARQUET GROUP, INC.,                :  Chapter 11

                Debtor.             :
------------------------------------x
In re:                              :

RAMIS BARQUET,                      :  Case No. 11-13117 (MG)
                                       Chapter 11
                Debtor.             :
------------------------------------x

**MOTION PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

TO:   THE HONORABLE MARTIN GLENN,
      UNITED STATES BANKRUPTCY JUDGE

Barquet Group, Inc. ("Barquet") and Ramis Barquet ("Ramis"), the above-captioned Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed counsel, Todtman, Nachamie, Spizz & Johns, P.C., submit this motion (the "Motion") for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of

266652.1

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration, for procedural purposes only, of the above-captioned Chapter 11 cases. In support of the Motion, the Debtors respectfully represent the following:

## BACKGROUND

1. On June 28, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court (the "Chapter 11 Cases").

2. The Debtors have been authorized to remain in possession of their property and to continue in the operation and management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in the Chapter 11 Cases.

4. Barquet, the corporate Debtor, is a New York corporation. Ramis, the individual Debtor, is its sole shareholder, director and President. Ramis is Barquet's most valuable asset, without which it would have no business. In addition, Barquet and Ramis are affiliates, as that term is defined in section 101(2) of the Bankruptcy Code.

5. Ramis is one of the world's foremost Latin American art collectors and dealers. He established his first gallery in 1986 in Mexico promoting the works of preeminent Latin American masters. Since then, his galleries have exhibited, bought and sold works of art from the most important, celebrated, and upcoming contemporary artists of our time, including Frieda Kahlo, Diego Rivera, Jose Clemente Orozco, Wilfredo Lam, Andy Warhol, Alberto Giacometti, Pablo Picasso, Louise Bourgeois,

Julian Schnabel, Robert Mapplethorpe, Francisco Clemente and Julio Galán. Ramis' galleries have hosted some of the most famous non-museum exhibitions of Latin American paintings in the United States.

6. In addition, the Debtors have brokered charitable donations of important artworks by American and Latin American collectors and philanthropists in museums throughout North America, including New York City's Metropolitan Museum of Art and the Phillips Collection and the Hirshhorn Museum and Sculpture Garden in Washington, D.C., and maintain close working relationships with major international auction houses and galleries throughout the world. They have worked with the Mexican ambassador to the United States to loan artwork by Latin American artists for displays in the United States Mexican embassy and the Consul General of Mexico in New York. As such, the Debtors are important fixtures in the international art community.

7. Additional information about the Debtors' and their business and the events leading up to the Petition Date can be found in the Affidavits of Ramis Barquet and Barquet Group Pursuant to Local Bankruptcy Rule 1007-2 And In Support of First Day Motions which were filed on the Petition Date and which are incorporated herein by reference.

### JURISDICTION, VENUE AND STATUTORY PREDICATES

8. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 1015(b).

## RELIEF REQUESTED

9. By this Motion, the Debtors, who are affiliates as that term is defined in §101(2) of the Bankruptcy Code, request that the annexed order be entered providing for the joint administration of these Chapter 11 cases in accordance with Bankruptcy Rule 1015(b). Rule 1015(b) authorizes the entry of an order for the joint administration of the estates of affiliates. Rule 1015(b) provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against. . . a debtor and an affiliate, the court may order a joint administration of the estates.. . . .

Fed.R.Bankr.P. 1015(b).

10. The Debtors submit that joint administration of their cases will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Court and Debtors and their estates and creditors.

11. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and separate books and records will continue to be maintained for each. Moreover, each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from the joint administration. The Court also will be relieved of the burden of entering duplicative orders and maintaining redundant files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the U. S. Trustee will be simplified.

12. By reason of the foregoing, the Debtors submit that the interests of the Debtors, their estates, and all parties in interest would best be served by joint administration of the above-captioned cases.

13. Accordingly, the Debtors respectfully request that the caption of their cases be modified to reflect the joint administration of these Chapter 11 cases, as follows:

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- x
In re:                                    :    Chapter 11
                                          :
BARQUET GROUP, INC. and RAMIS BARQUET,    :    Case No: 11-13116 (MG)
                                               (Jointly Administered)
                 Debtors.                 :
----------------------------------------- x
```

14. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Barquet Group, Inc. and Ramis Barquet. The docket in Case No. 11-13116(MG) should be consulted for all matters affecting this case."

15. Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated or other basis that the Debtors determine, after consultation with the U.S. Trustee. The Debtors submit that this would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' interlocking business operations and financial affairs.

16. The Debtors submit that the relevant legal authorities are set forth herein and, accordingly, the requirement contained in Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York is satisfied.

## NOTICE AND NO PRIOR APPLICATION

17. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the Southern District of New York, Attn: Serene Nakano, Esq.; (b) each of the Debtors' known creditors; (c) the taxing authorities; and (d) all parties that have filed requests for service of papers. The Debtors submit that no other or further notice is required.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request the Court grant the Debtors' Motion directing joint administration of these Chapter 11 Cases for procedural purposes only and that the Court enter the order annexed hereto as **Exhibit "A"** and grant such other and further relief as is just and proper.

Dated: New York, New York
June 29, 2011

                                      TODTMAN, NACHAMIE, SPIZZ
                                          & JOHNS, P.C.
                                        Proposed Counsel to **Barquet Group,**
                                        **Inc. and Ramis Barquet**
                                        Debtors and Debtors-In-Possession

                                        By:    s/ Janice B. Grubin
                                                  Barton Nachamie
                                                  Janice B. Grubin
                                                  Jill L. Makower
                                        425 Park Avenue
                                        New York, New York 10022
                                        (212) 754-9400

**EXHIBIT "A"**

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel for **Barquet Group, Inc.**
 and **Ramis Barquet**
Debtors and Debtors-In-Possession
425 Park Avenue
New York, New York 10022
(212) 754-9400
Barton Nachamie, Esq.
Janice B. Grubin, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re: : Case No.: 11-13116 (MG)

BARQUET GROUP, INC., : Chapter 11

               Debtor. :
------------------------------------x
In re: :

RAMIS BARQUET, : Case No. 11-13117 (MG)
                                         Chapter 11
               Debtor. :
------------------------------------x

## ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Upon the motion (the "Motion") of Barquet Group, Inc. and Ramis Barquet, the above-captioned Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed counsel, Todtman, Nachamie, Spizz & Johns, P.C., seeking entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration of the Debtors' Chapter 11 cases for procedural purposes only, as more fully set forth in the Motion; and upon consideration of the Affidavits of Ramis Barquet and the Barquet Group, Inc. Pursuant to Local Bankruptcy Rule 1007-2 and In Support of First Day Motions; and it appearing that the Court has jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors and their estates; and due notice of the Motion having been given to the Office of the United States Trustee; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is hereby granted; and it is further

**ORDERED,** that the above-captioned Chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by the Court in accordance with the provisions of Bankruptcy Rule 1015(b); and it is further

**ORDERED**, that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases; and it is further

**ORDERED**, that the caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x
In re:                                     :     Chapter 11
                                           :
BARQUET GROUP, INC. and RAMIS BARQUET,     :     Case No. 11-13116(MG)
                                           :     (Jointly Administered)
                        Debtors.           :
------------------------------------------ x

; and it is further

**ORDERED**, that an entry shall be made on the docket of each of the above-captioned cases substantially as follows:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Barquet Group, Inc. and Ramis Barquet. The docket in Case No. 11-13116(MG) should be consulted for all matters affecting this case."

; and it is further

**ORDERED**, that the Debtors shall be permitted to file their monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated or other such basis, provided that disbursements are reported by each of the Debtors separately; and it is further

**ORDERED**, that the Debtors shall be permitted, for purposes of the list of 20 largest unsecured creditors (excluding insiders) required to be filed pursuant to Bankruptcy Rule 1007(d), to file a list of the 20 largest unsecured creditors on a consolidated basis and to use that list for noticing purposes where service must be made upon the creditors on the list filed pursuant to Bankruptcy Rule 1007(d); and it is further

**ORDERED,** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

**ORDERED**, that the requirement of Local Bankruptcy Rule 9013-1(a) that a motion must specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief either in the motion or in a separate memorandum of law, is satisfied.

Dated: New York, New York
July __, 2011

---
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

OFFICE OF THE UNITED STATES TRUSTEE

By: _____

Dated: July ___, 2011