TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel for **Barquet Group, Inc.**
 and **Ramis Barquet**
Debtors and Debtors-In-Possession
425 Park Avenue
New York, New York 10022
(212) 754-9400
Barton Nachamie, Esq.
Janice B. Grubin, Esq.
Arthur Goldstein, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re:                              :   Case No.: 11-13116 (MG)

BARQUET GROUP, INC.,                :   Chapter 11

                Debtor.      :
------------------------------------x
In re:                              :

RAMIS BARQUET,                      :   Case No. 11-13117 (MG)
                                        Chapter 11
                Debtor.      :
------------------------------------x

**DEBTORS' REPLY TO LIMITED OBJECTION OF SAGECREST II, LLC TO DEBTORS' MOTION PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

TO:   THE HONORABLE MARTIN GLENN,
       UNITED STATES BANKRUPTCY JUDGE:

Barquet Group, Inc. ("Barquet" or the "Gallery") and Ramis Barquet ("Ramis"), the above-captioned Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, Todtman, Nachamie, Spizz & Johns, P.C. ("TNSJ"), submit this reply (the "Reply") to the limited objection (the "Limited Objection") of SageCrest II, LLC ("SageCrest") to their motion (the "Motion") for

266906v1

the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration, for procedural purposes only, of the above-captioned Chapter 11 cases. In support of the Reply, the Debtors respectfully represent the following:

## REPLY

1. Up to the day of their bankruptcy filings, the Debtors repeatedly requested SageCrest, through counsel and principal, to negotiate a reasonable settlement of the dispute regarding the assigned promissory note and guaranty (collectively, the "Note") at issue in litigation pending in the United States Bankruptcy Court for the District of Connecticut entitled <u>SageCrest II, LLC v. The Barquet Group, et al.</u>, Case No. 11-05020 (AHWS) (the "Action"). Instead, SageCrest has insisted on continuing to engage in scorched earth litigation tactics which it has now transferred into this Court by way of this frivolous and unnecessary objection.

2. The Debtors object to the Limited Objection in its entirety and do not intend to address each and every misstatement and mischaracterization contained therein.

3. Suffice to say, the Debtors have striven mightily since early March to produce voluntarily to SageCrest significant amounts of financial and other information in an attempt to reach a reasonable settlement of the Action on terms that they could afford and which would not unduly prejudice their creditors. The Debtors had hoped that SageCrest would realize that their illiquid assets, in the current depressed art and real estate markets, required that any feasible settlement would involve a significant reduction of the outstanding amount and an extended payout period.

4. Instead, SageCrest has used this information to amend the complaint in the Action by adding Ramis' wife and additional counts, and filing two separate motions: a

motion for prejudgment remedies, etc., including attachment and the movement of the Debtors' New York assets into Connecticut, based on inapplicable law, and a misguided motion for contempt and enforcement of a stipulated term sheet where, pursuant to the parties' negotiations, the Debtors were to forfeit their initial $150,000 payment if they were not able to make a second payment of $1,850,000 on June 14. (Due to the state of the international art market, the Debtors were unable to raise the funds to make this payment on June 14 and SageCrest has retained the $150,000 which otherwise would have been applied to the outstanding principal under the Note.)

5.  Furthermore, Ramis invoked his Fifth Amendment Privilege during his deposition in early April 2011, three months ago, upon TNSJ's considered advice because TNSJ had just been retained and was reviewing information and SageCrest counsel had accused Ramis of criminal activity.

6.  In addition, Ramis has loaned millions of dollars to his Gallery during the decade of its operations to keep it afloat. Since mid-2009 (until the bankruptcy filings), he has foregone a formal salary and, hence, paid his personal expenses, including his mortgage payments and children's' school tuition, from the Gallery bank account, in lieu of compensation and loan repayments, all of which payments were to be charged to his loan account.

7.  The Debtors submit that their attached proposed revised order addresses the disclosure, transparency and creditor prejudice issues raised by SageCrest in connection with their monthly operating reports and invites its comments. It is curious that SageCrest, holding itself out as a paragon of Chapter 11, did not reach out to the Debtors with these concerns, as the Debtors would have welcomed the dialogue. Instead, SageCrest chose to file this Limited Objection in order to besmirch the Debtors by

irrelevant and distorted factual allegations regarding transactions which will, all in good time, be resolved by this Court and to lecture the Debtors about the rule of bankruptcy law.[1]

8.  Accordingly, for all of the foregoing reasons, the Debtors respectfully ask the Court to deny the relief sought in the Limited Objection as moot.

**WHEREFORE**, the Debtors respectfully request that the Court deny the Limited Objection and grant the Debtors' Motion directing joint administration of these Chapter 11 Cases for procedural purposes only and the consolidation of their monthly operating reports, consistent with the views of the Office of the U.S. Trustee, and that the Court enter the proposed order annexed hereto as **Exhibit "A"** (in clean and black lined forms to reflect the revisions from the order appended to the filed Motion) and grant such other and further relief as is just and proper.

Dated: New York, New York
July 8, 2011

TODTMAN, NACHAMIE, SPIZZ
& JOHNS, P.C.
Proposed Counsel to **Barquet Group, Inc. and Ramis Barquet**
Debtors and Debtors-In-Possession

By: ___s/ Barton Nachamie___
Barton Nachamie
Janice B. Grubin
Arthur Goldstein
425 Park Avenue
New York, New York 10022
(212) 754-9400

---

[1] Query whether SageCrest's overly aggressive posture befits its own debtor-in-possession status, albeit in a case that it acknowledges has lost hundreds of millions of dollars in asset value and incurred approximately $20 million in professional fees since its bankruptcy filing almost three years ago.

**EXHIBIT "A"**

**Blackline Version of Proposed Order**

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel for **Barquet Group, Inc.**
 and **Ramis Barquet**
Debtors and Debtors-In-Possession
425 Park Avenue
New York, New York 10022
(212) 754-9400
Barton Nachamie, Esq.
Janice B. Grubin, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re:                              :    Case No.: 11-13116 (MG)

BARQUET GROUP, INC.,                :    Chapter 11

                Debtor.            :
------------------------------------x
In re:                              :

RAMIS BARQUET,                      :    Case No. 11-13117 (MG)
                                         Chapter 11
                Debtor.            :
------------------------------------x

## ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Upon the motion (the "Motion") of Barquet Group, Inc. and Ramis Barquet, the above-captioned Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed counsel, Todtman, Nachamie, Spizz & Johns, P.C., seeking entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration of the Debtors' Chapter 11 cases for procedural purposes only, as more fully set forth in the Motion; and upon consideration of the Affidavits of Ramis Barquet and the Barquet Group, Inc. Pursuant to Local Bankruptcy Rule 1007-2 and In Support of First Day Motions; and it appearing that the Court has jurisdiction to consider the

266653v2

Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334 and the Standing Order of —Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors and their estates; and due notice of the Motion having been given to the Office of the United States Trustee; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is hereby granted; and it is further

**ORDERED,** that the above-captioned Chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by the Court in accordance with the provisions of Bankruptcy Rule 1015(b); and it is further

**ORDERED**, that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases; and it is further

**ORDERED**, that the caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- x
In re:                                      :    Chapter 11

BARQUET GROUP, INC. and RAMIS BARQUET,      :    Case No. 11-13116(MG)
                                                 (Jointly Administered)
                Debtors.                    :
------------------------------------------- x

; and it is further

**ORDERED**, that an entry shall be made on the docket of each of the above-captioned cases substantially as follows:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Barquet Group, Inc. and Ramis Barquet. The docket in Case No. 11-13116(MG) should be consulted for all matters affecting this case."

; and it is further

**ORDERED**, that the Debtors shall be permitted to file their monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated or other such basis and in a form satisfactory to the U.S. Trustee, provided that disbursements are reported by each of the Debtors separately; and it is further

**ORDERED**, that the Debtors shall be permitted, for purposes of the list of 20 largest unsecured creditors (excluding insiders) required to be filed pursuant to Bankruptcy Rule 1007(d), to file a list of the 20 largest unsecured creditors on a consolidated basis, provided that the list identify the Debtor associated with each creditor, and to use that list for noticing purposes where service must be made upon the creditors on the list filed pursuant to Bankruptcy Rule 1007(d); and it is further

**ORDERED,** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

**ORDERED**, that the requirement of Local Bankruptcy Rule 9013-1(a) that a motion must specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief either in the motion or in a separate memorandum of law, is satisfied.

Dated: New York, New York
      July __, 2011

                                   HONORABLE MARTIN GLENN
                                   UNITED STATES BANKRUPTCY JUDGE

~~NO OBJECTION:~~

~~OFFICE OF THE UNITED STATES TRUSTEE~~

~~By:_____~~

~~Dated: July ___, 2011~~

**Clean Version of Proposed Order**

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel for **Barquet Group, Inc.**
 and **Ramis Barquet**
Debtors and Debtors-In-Possession
425 Park Avenue
New York, New York 10022
(212) 754-9400
Barton Nachamie, Esq.
Janice B. Grubin, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re:                               :   Case No.: 11-13116 (MG)

BARQUET GROUP, INC.,                 :   Chapter 11

               Debtor.     :
------------------------------------x
In re:                               :

RAMIS BARQUET,                       :   Case No. 11-13117 (MG)
                                         Chapter 11
               Debtor.     :
------------------------------------x

## ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Upon the motion (the "Motion") of Barquet Group, Inc. and Ramis Barquet, the above-captioned Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed counsel, Todtman, Nachamie, Spizz & Johns, P.C., seeking entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration of the Debtors' Chapter 11 cases for procedural purposes only, as more fully set forth in the Motion; and upon consideration of the Affidavits of Ramis Barquet and the Barquet Group, Inc. Pursuant to Local Bankruptcy Rule 1007-2 and In Support of First Day Motions; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

266653v2

Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors and their estates; and due notice of the Motion having been given to the Office of the United States Trustee; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is hereby granted; and it is further

**ORDERED,** that the above-captioned Chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by the Court in accordance with the provisions of Bankruptcy Rule 1015(b); and it is further

**ORDERED**, that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases; and it is further

**ORDERED**, that the caption of the jointly administered cases shall read as follows:

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- x
In re:                                    :    Chapter 11

BARQUET GROUP, INC. and RAMIS BARQUET,    :    Case No. 11-13116(MG)
                                               (Jointly Administered)
                Debtors.                  :
----------------------------------------- x
```

; and it is further

**ORDERED**, that an entry shall be made on the docket of each of the above-captioned cases substantially as follows:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Barquet Group, Inc. and Ramis Barquet. The docket in Case No. 11-13116(MG) should be consulted for all matters affecting this case."

; and it is further

**ORDERED**, that the Debtors shall be permitted to file their monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated or other such basis and in a

form satisfactory to the U.S. Trustee, provided that disbursements are reported by each of the Debtors separately; and it is further

**ORDERED,** that the Debtors shall be permitted, for purposes of the list of 20 largest unsecured creditors (excluding insiders) required to be filed pursuant to Bankruptcy Rule 1007(d), to file a list of the 20 largest unsecured creditors on a consolidated basis, provided that the list identify the Debtor associated with each creditor, and to use that list for noticing purposes where service must be made upon the creditors on the list filed pursuant to Bankruptcy Rule 1007(d); and it is further

**ORDERED,** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

**ORDERED,** that the requirement of Local Bankruptcy Rule 9013-1(a) that a motion must specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief either in the motion or in a separate memorandum of law, is satisfied.

Dated: New York, New York
       July ___, 2011

                                        HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE